UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELGIN COTTO,

                              Petitioner,

            -against-

SUPERINTENDENT OF WALLKILL,

                              Respondent.

26-CV-3341 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently incarcerated in Wallkill Correctional Facility and is acting *pro se.* He submits a letter dated April 5, 2026, requesting that the Court extend the limitations period for him to submit a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his state conviction. For the following reasons, Petitioner's request for an extension of time to file a *habeas corpus* petition is denied.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Petitioner requests an extension of time to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. A review of public records reflects that Petitioner does not yet have a pending *habeas corpus* petition.[1] Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of 'cases' and 'controversies.'" *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 69, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). The Second Circuit has held that "a federal court lacks jurisdiction to consider the timeliness of a [*habeas corpus*] petition until a petition is actually filed [,]" because prior to an actual filing, "there is no case or controversy to be heard[.]" *Green*, 260 F.3d at 82 (Section 2255 motion); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam).

"Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim . . . , a district court is empowered, and in some instances may be required, . . . to treat that motion as a substantive motion for relief." *Green*, 260 F.3d at 82. In this application, however, Petitioner does not include any allegations identifying the grounds on which he challenges his state court judgment. The Court therefore cannot construe the letter as a substantive petition. *See Application of Wattanasiri*, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (denying request for extension of limitations period to file § 2255 motion when there was no

---

[1]Although Petitioner does not identify the conviction that he is challenging, public records reflect that he is incarcerated pursuant to his 2021 Sullivan County conviction for criminal possession of a weapon in the second degree and tampering with physical evidence. *See People v. Cotto*, 231 A.D.3d 1356 (App. Div. 3rd Dep't 2024), *lv. denied,* 43 N.Y.3d 962 (Apr. 21, 2025).

pending *habeas corpus* petition). Thus, Petitioner's request for an extension of time to file a *habeas corpus* petition must be denied.[2]

## CONCLUSION

Petitioner's request for an extension of time to file a *habeas corpus* petition is denied because the Court lacks authority to award such relief. Because Petitioner's request for an extension at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to mail Petitioner a copy of the form to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner may file his Section 2254 petition, and once the Court receives it, the Court will review it.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close the case opened under this docket number.

SO ORDERED.

Dated:    May 12, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] A federal *habeas corpus* petition must be filed within one year from the latest of four dates, that is, the date when: (1)  the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1); *Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).